UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-80711-ROSENBERG

FREDDIE LABOY MALAVE,

    Petitioner,

v.

RICKY DIXON, Florida
Department of Corrections,

    Respondent.
_____/

### ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [DE 1]. The Court has considered the Petition [DE 1], the Government's Response [DE 10], and the court file. For the reasons discussed below, the Petition is denied.

After a trial by jury, a Florida state court sentenced the Petitioner for burglary of a dwelling. *See* DE 10 at 2. The Petitioner appealed, his conviction was affirmed, and the Petitioner also filed various motions for post-conviction relief. After the denial of his requests for post-conviction relief, a Florida appellate court affirmed, and the Petitioner filed the Petition before this Court.

Pursuant to 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relatedly, a state court decision of law only warrants federal habeas relief if the decision "was

contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Here, the Petitioner argues that he is entitled to habeas relief on one ground—that his trial counsel was ineffective for failing to file a motion to suppress a cellphone. The Petitioner previously made this argument to the Florida trial court and, after his motion was denied (following an evidentiary hearing), he appealed; the appellate court affirmed. *See id.* at 6.

The Florida court found that counsel's decision not to file a motion to suppress was not ineffective assistance of counsel for at least two reasons. *Id.* at 28-29. First, there was an adequate basis in the record to conclude that the seizure of the Petitioner's cell phone was lawful. *Id.* Second, the cell phone contained information that was *helpful* to the Petitioner's defense (it also contained information arguably harmful to the defense), and counsel had reasonably concluded that, as a matter of strategy, the cell phone should be admitted as evidence on that basis. *Id.*

Applying the mandatory deferential standard of review for habeas relief, this Court cannot conclude that the state proceedings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Instead, the state court proceedings resulted in a ruling that was adequately based on evidence and was adequately based upon sound legal reasoning. For these reasons and the reasons outlined in the Response, the Petitioner's request for habeas relief is denied. For the same reasons, no certificate of appealability shall issue.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The Petitioner's Petition [DE 1] is **DENIED**;
2. Any pending motions are **DENIED** as moot;

3. A certificate of appealability **SHALL NOT ISSUE**; and

4. The Clerk of Court shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 3rd day of September, 2024.

                                              _____
                                              ROBIN L. ROSENBERG
                                              UNITED STATES DISTRICT JUDGE

cc:   Counsel of Record

     Freddie Laboy Malave
     DOC# W10808
     Jackson Correctional Institution
     Inmate Mail
     5563 10th Street
     Malone, FL 32445-3144